IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES LEE WINDFIELD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0804-K |
| | § | |
| LYDIA MILLER, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Charles Lee Windfield, an inmate in the Kaufman County jail, against two Texas parole officers. On April 30, 2009, plaintiff tendered a complaint to the district clerk and filed an application for leave to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on May 14, 2009. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff was twice released to parole after serving part of his sentence for an unspecified criminal offense. In July 2008, plaintiff's parole was revoked due to unpaid fees. Plaintiff was paroled again in November 2008, but he was arrested two months later on a violator's warrant after being charged with burglary of a building. Although the burglary charge was dismissed on March 26, 2009, plaintiff alleges that he remains in custody on the violator's warrant due to unpaid fees--the same violation for which his parole was revoked in July 2008. Plaintiff blames his parole officer, Lydia Miller, and her former supervisor, Salome Austin, of violating his constitutional rights by continuing to hold him on a warrant, even though the burglary charge was dismissed and his parole was previously revoked due to unpaid fees. By this suit, plaintiff seeks money damages and dismissal of the violator's warrant.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1) is frivolous or malicious;
>
> (2) fails to state a claim on which relief may be granted; or
>
> (3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels

and conclusions. *Id.* at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1230 (2008).

B.

Plaintiff cannot maintain a federal civil rights action for at least two reasons. First, it does not appear that any state court or federal habeas court has ever determined that the terms of plaintiff's confinement are invalid. Plaintiff is therefore precluded from suing for money damages under 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *see also Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995), *quoting Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 116 S.Ct. 148 (1995) ("*Heck* applies to proceedings which call into question the fact or duration of parole."). Second, claims against state parole officers and supervisors are barred under the doctrine of absolute immunity. *Miles v. Everette*, 88 Fed.Appx. 775, 775, 2004 WL 316497 at *1 (5th Cir. Feb. 18, 2004); *see also Hunter v. Rodriguez*, 73 Fed. Appx. 768, 769-70, 2003 WL 22070516 at *1 (5th Cir. Sept. 5, 2003) (holding that parole hearing officer and supervisor were entitled to absolute immunity "because they were participants in the decision to revoke [plaintiff's] parole"). Because Miller and Austin were acting within the scope of their authority at all times relevant to the claims made the basis of this suit, they are entitled to absolute immunity.[1]

---

[1] To the extent plaintiff seeks release from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, plaintiff has never presented his claims to the Texas Court of Criminal Appeals in an application for state post-conviction relief. (*See* Mag. J. Interrog. #3). Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Maldonado v. Anderson*, No. 4-03-CV-0089-Y, 2003 WL 21212620 at *2 (N.D. Tex. May 13, 2003) (Texas prisoner challenging confinement pursuant to parole violator's warrant must present claims to Texas Court of Criminal Appeals before seeking federal habeas relief).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 19, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE